Gregory STOLOW and Gregory Stolow, trading as Gold Medal Auctions, Plaintiffs–Appellants,

v.

GREG MANNING AUCTIONS INC., IVY & Mader Philatelic Auctions, Inc., Earl P.L. Apfelbaum, Inc., John D. Apfelbaum, Davitt Felder, Davitt Felder, Inc., Robert A. Siegel Auction Galleries, Inc., Shreves Philatelic Galleries, Inc., Hr Harmer, Inc. and Daniel F. Kelleher Co., Inc., Defendants–Appellees,

Anthony Feldman, Dana Okey, Stephen Osborne, Matthew Bennett, Inc., Edward Younger, Ahmed Hegazi, American Philatelic Society and American Stamp Dealers Association, Defendants.

No. 03–7259.

United States Court of Appeals, Second Circuit.

Nov. 17, 2003.

Jonathan B. Altschuler, Jonathan Bobrow Altschuler, P.C., New York, NY., for Plaintiff–Appellant.

Ira G. Greenberg, Edwards & Angell, LLP (Jennifer A. Grego, on the brief), New York, NY., for Defendants–Appellees.

PRESENT CARDAMONE, LEVAL, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Gregory Stolow ("Stolow") appeals from an opinion and order of the United States District Court for the Southern District of New York (Scheindlin, *J.*) holding, *inter alia*, that Stolow's antitrust claims under the Sherman Act, 15 U.S.C. § 1 *et seq.*, and New York State Donnelly Act, N.Y. Gen. Bus. Law § 340 *et seq.*, as well as his civil claim under the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1962, were time barred. Reviewing the district court's grant of summary judgment *de novo*, we affirm.

Stolow formerly operated a collectible stamp dealership and auction house called Gold Medal Auctions, Inc. ("GMA"), which was a successor to a previous family business. He accuses defendants-appellees— other stamp dealers and auction houses— of injuring his business by illegally rigging bids at public stamp auctions for financial gain as part of a group known as "the Ring."

The dealer-members of the Ring, according to Stolow, agreed to share bidding information at secret sessions prior to public stamp auctions. These sessions would determine which Ring member would ultimately purchase various lots at the auctions. The Ring member that made the highest bid at the private auction would be assured the opportunity to bid publicly without competition from the other Ring members, who in turn received payoffs for their participation in the scheme. Stolow accuses the auction house defendants of participating in the scheme by misdescribing the stamp collections in their catalogs in a manner that discouraged competition with the Ring from mail-in bidders and those who otherwise might have appeared at the auctions in person, as well as by giving Ring members special credit and access privileges.

Stolow seeks treble damages, pursuant to Section 4 of the Clayton Act (15 U.S.C. § 15), for injuries he suffered allegedly as a result of the Ring's anti-competitive activities. Stolow claims that he "lost his source of business" because the defendants' activities diminished his ability to purchase stamps at public auctions and thereby to hold auctions of his own. Compl. at ¶ 56. Additionally, GMA ceased to operate at the end of 1996, and Stolow claims that the Ring's bid rigging, as well as its refusal to participate in GMA's unrigged auctions, "drove [him] out of business." Compl. ¶ 56.

Private antitrust lawsuits and civil RICO actions are governed by a four-year statute of limitations. *See* 15 U.S.C. § 15b; N.Y. Gen. Bus. Law § 340(5); *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 188–89, 117 S.Ct. 1984, 138 L.Ed.2d 373 (1997) (noting that civil RICO actions, like Clayton Act actions, are subject to a four-year statute of limitations). On appeal, Stolow argues that his claims are not time-barred,

even though he did not file this lawsuit until April 4, 2002—more than four years after GMA went out of business.

Stolow claims that, although his overall theory of damages is based on GMA's dissolution, he remained a "private dealer and auctioneer under various trade names privately and on eBay" after GMA ceased operations. Accordingly, Stolow argues that a material issue of fact exists as to whether he was driven out of business more than four years before he filed the lawsuit. Stolow also argues that the continuing nature of the defendants' illegal activities should toll the statute of limitations until the illegal conduct ceased, permitting him to sue for acts and injuries that occurred both inside and outside the limitations period. We reject both of these arguments.

■ First, for substantially the reasons stated by the district court, we find that there is no genuine issue of material fact as to whether Stolow was driven out of business prior to the limitations period. In pursuing his claims prior to appellees' motion for summary judgment, including a demand letter served outside the limitations period, Stolow and his counsel have repeatedly asserted that he was driven out of business by the Ring. Although Stolow did testify at a deposition that he was still a stamp dealer, he contemporaneously admitted that GMA ceased operations in 1996, that he was not employed, and that he operated privately on the Internet. (June 9, 2000 Dep. of Gregory Stolow at 35–36.) He further stated that he sought assistance of counsel because he had been "driven out of business" by the Ring and that he did not fear retribution because he was "out of the business." *Id.* at 86.

Given his prior statements and testimony, Stolow cannot now claim, based solely on a self-serving statement made in opposition to summary judgment that he was "doing business uninterruptedly," that he

was still operating as a stamp dealer and auctioneer. *See Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that . . . contradicts the affiant's previous deposition testimony."). No reasonable jury could find, based on this record, that Stolow continued to operate a stamp dealership after GMA folded.

■ Second, Stolow cannot recover for the loss of GMA or other injuries he allegedly suffered before April 4, 1998 (four years before he filed this lawsuit) because his claim that the continuing nature of the alleged illegal conduct tolled the statute of limitations is without merit. In cases of continuing antitrust violations, "each overt act that is part of the violation and that injures the plaintiff . . . starts the statutory [limitations] period running again, regardless of the plaintiff's knowledge of the alleged illegality at much earlier times." *Klehr*, 521 U.S. at 189, 117 S.Ct. 1984 (internal quotations and citations omitted). Contrary to Stolow's contention, "the commission of a separate new overt act generally does not permit the plaintiff to recover for the injury caused by old overt acts outside the limitations period." *Id.* It cannot be disputed that any acts by the Ring resulting in the decline and loss of Stolow's dealership occurred before GMA ceased to operate in 1996. Hence, having failed to initiate legal proceedings within four years of that injury, Stolow can no longer recover for it.

■ The same principles bar Stolow from recovering for the loss of GMA on a civil RICO theory. *See id.* at 190, 117 S.Ct. 1984 ("[A]s in the antitrust cases, the plaintiff cannot use an independent, new predicate act as a bootstrap to recover for injuries caused by other earlier predicate acts that took place outside the limitations

period."). Although Stolow refers to *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), which treated a "hostile work environment" claim as a single "unlawful employment practice" under Title VII for statute of limitations purposes, nothing suggests that the Supreme Court intended that decision to displace these well-established antitrust and RICO principles.

■ Finally, even if we accepted Stolow's statements about continuing to be a stamp dealer as sufficient to create a material issue of fact such that he could file an independent claim based on post-April 4, 1998 injuries, Stolow has failed to show any injuries occurring within the limitations period upon which relief could be granted. In order to plead an antitrust action, a plaintiff must prove that he or she suffered "antitrust injury," meaning "injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977). Stolow's complaint and "RICO statement" in this lawsuit, however, are focused entirely on the injury he suffered from the loss of GMA. His conclusory statement that he was "doing business uninterruptedly" as a stamp dealer fails to show that his private activities after GMA's dissolution competed with the Ring in such a way that he was injured by its bid rigging at public auctions.

■ Similarly, for purposes of his civil RICO claim, "the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the [RICO] violation." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Stolow has made no allegation that he competed with the Ring after GMA ceased operations such that his purported "business" was

injured by the Ring's alleged racketeering activity. Accordingly, he has not alleged any basis for an antitrust or RICO suit arising from acts occurring within the limitations period.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.